The opinion of the Court was delivered by
WáRBLaw, Ch.
After partial administration of the estate of Samuel R. Gillison, deceased, under his will, the executor, Thomas S. Gillison, died intestate; and the plaintiff, as ordinary, took charge of the estates of testator and executor, as derelict. The appeal on the part of the plaintiff involves the extent of compensation to which an ordinary is entitled, in charge of derelict estates of a testator and of an intestate. It is clear that a public officer can claim no other compensation for the discharge of duties imposed upon him by the Legislature, than such as the Legislature chooses to allow. Admitting this principle, the counsel for the plaintiff insists, in argument, that under our Acts of Assembly, an ordinary in charge of derelict estates is entitled to five per cent, of the value of the whole estates; although, in this particular case, the ordinary may have waived, by the pleadings, his title to five per cent, on the realty not sold.
*219 The 7th' section of the ordinary’s Act of 1839 (11 Stat. 40) provides, that, “ In case any estate shall be left derelict, either from partial administration by an executor or administrator, or by reason of no application for letters of administration or letters testamentary, or otherwise, the' ordinary of the district, who might be entitled to grant such letters, shall collect and take charge of the same for the period of six months; after which time, if administration be not sooner applied for, he shall sell the same, after due public notice, either for cash or upon a credit of six months, and after payment of the debts of said deceased, shall deposit, 'in the Bank of the State of South Carolina, or in some one of its Branches, the net proceeds, .to the account of the estate to which it belongs; and shall file, in the office of the clerk of Common Pleas of his district, a certificate of such deposit; and to the end that he may so collect such estate and effects, he shall have power to institute and maintain all necessary legal proceedings; and for the services aforesaid, he shall be entitled to five per cent, of the value of the estate.”
The Act of 1846 (11 Stat. 357) authorizes the ordinary to sell the perishable property and effects of derelict estates, without retaining possession of such perishable property for six months before sale; and further provides, that if the deceased owner of a derelict estate has left a will disposing of his estate, the ordinary in charge of such estate shall administer the same according to the provisions of such will, and for that purpose, that he “ shall be invested with all the powers and authorities and be subject to all the liabilities, which may be necessary for carrying such will into effect, in the same manner as if he had been duly nominated and appointed executor thereof.”
By the express terms of the Act of 1835, which originally applied to the derelict estates of testators as well as of intestates, the compensation to the ordinary follows the discharge of prescribed functions. He is required to take charge of a derelict estate for six months; then, to sell the same, pay the debts of the deceased;, and deposit the balance of the proceeds in Bank;” *220 u and for the services aforesaid,” be becomes entitled to five per cent, of tbe value of tbe estate. Tbe reward cannot be claimed where tbe services are not rendered. Tbe compensation to tbe ordinary allowed by tbe Act, is analagous to tbe commissions of an executor. For receiving tbe proceeds of sale and paying tbe same over to creditors or into tbe Bank, tbe ordinary is allowed to claim five per cent, of tbe estate. In tbe present case, so far as respects the estate of Tbomas S. Grillison, wbo died intestate, tbe ordinary, instead of selling tbe whole estate, paying tbe creditors, and depositing -tbe net balance in Bank, bas filed bis bill in this Court, for instructions, making tbe distributee of tbe estate a party, and by tbe order of tbe Court, be bas sold so much of tbe estate only as was necessary to satisfy creditors. He bas relieved bimself from responsibility, by voluntarily submitting tbe administration of tbe estate to tbis Court. Under sucb circumstances, wo are of opinion tbat bo is entitled to five per cent, of so much of tbe estate as be bas sold and no more.
The claim of tbe ordinary, however, is principally connected with tbe estate of tbe testator, Samuel E. Grillison. His compensation as to this estate depends upon the construction of tbe Act of 1846. Tbat Act is substantially a repeal of tbe Act of 1889, as to tbe services and compensation of tbe ordinary, where tbe deceased owner of tbe derelict estate bas left a will. Tbe ordinary, instead of pursuing a fixed routine of duties for which a fixed compensation is given, is directed to execute tbe will of tbe deceased, with all tbe powers and liabilities of an executor named by tbe testator, without any express mention of compensation. His functions must vary according to tbe caprice of testators in tbe dispositions of their estates, and it appears reasonable that bis reward should vary according to bis services. He is to be regarded as a statutory executor, with tbe responsibilities and emoluments of an ordinary executor. If tbe estate be small and tbe provisions of tbe will be simple, bis trouble and bis remuneration will be small; if tbe provisions of tbe will be complicated, be may apply, as any other executor, to tbis Court for instruction; and if bis commissions be *221 inadequate compensation for extraordinary services, be may make up an issue in the Common Pleas, as other executors, for extraordinary compensation.
We are of opinion, that by the fair intendment of the Act of 1846, the ordinary, when invested with the powers and liabilities of an executor, is entitled to claim the commissions of an executor under the Act of 1789 ; but that the pretension is groundless for a compensation of five per cent, on the value of the estate, which is not received and disbursed. It was never supposed that an ordinary executor was entitled to commissions on the value of the estate, real or personal, delivered to specific legatees.
There is no appeal from so much of the Chancellor’s decree as refuses to allow to the ordinary the auctioneer’s commissions which were claimed; but to guard against misconception, it is proper to mention, that the services as auctioneer were rendered by the plaintiff himself, or by some member of a mercantile firm of which he was a partner.
The remaining question in' this case is upon the appeal of the defendants, Isadore Lartigue and wife, as to interest upon the legacy of $5,000 to Mrs. Lartigue.
It is considered safer to reserve the decision upon this point until we have fuller information upon the facts. Granting that the bequest in trust for Mrs. L. is a general, pecuniary legacy, and by the general rule entitled to interest from a year after testator’s death, still it is suggested to us, that circumstances controlling the general rule as to interest, may exist as to this legacy, at least as to a portion of the arrears. It is said, that the sum of this legacy was some time ago set aside in the administration of this ‘estate, under the direction of this Court; and that this sum has been since unproductive. This may bear upon the interest for a time. It may also be desirable to know when the devisees of testator entered upon the enjoyment of their lands. Inquiry and report by the commissioner will bring out the facts necessary to the final decision of the question.
It is ordered and decreed, that the circuit decree be affirmed as *222 to the compensation of the ordinary, and that the appeal of the plaintiff be dismissed.
It is further ordered, that the cause be remanded to the circuit, Court, so far as the claim of Isadore Lartigue and wife for interest upon the legacy to Mrs. Lartigue is concerned; and that the commissioner of this Court for Beaufort district be directed to inquire and report as to all the facts connected with said legacy: with leave to report any special matter.
JOHNSTON, DüNKIN and DabgaN, CC., concurred.